### EBY BYERS *vs.* FRANKLIN COAL CO. OF LYKENS VALLEY.

Prior to the passage of *St.* 1867, *c.* 36, a stockholder or former officer in a corporation had no authority to appear and defend an action against the corporation, merely because he might ultimately be held personally liable for the claim.

CONTRACT against a corporation upon a bill of exchange for $5500, brought originally in the superior court. Joseph M Wightman, in behalf of the defendants, filed an affidavit of defence, and moved that the action be removed to this court and it was accordingly so removed. The plaintiff then moved

in this court, that the action be remanded to the superior court, with directions to enter a default and render judgment for the plaintiff; averring that the attorney professing to appear for the defendants had no authority to do so.

On the hearing of this motion, it was admitted by the counsel for the plaintiff that there is an intention to proceed against the directors under whom this debt was contracted, and the stockholders liable, if the corporation does not pay the judgment which may be recovered. The action was entered in the superior court at October term 1866, and removed under Gen. Sts. c. 114, § 8. Mr. Wightman is a stockholder and was formerly a director, and employed the attorneys who appear in defence. There was no evidence that they were employed by any other person; but Louis Agassiz, James Sturgis, George S. Hillard, Joseph Vila, F. G. Dexter, George Snell, George S. Dix, and Charles H. H. Cook, who were the president, the whole board of directors with one exception, and the treasurer of the corporation, testified that they had given no authority, and most of them added that they knew of none, to appear and defend this suit. The corporation is insolvent, and its property has been assigned to a trustee.

The plaintiff's motion was reserved by *Hoar*, J., for the determination of the whole court.

*H. G. Parker & T. Weston, Jr.*, for the plaintiff, cited Angell & Ames on Corp. § 595; *Lane v. School-District in Weymouth*, 10 Met. 462; *Holyoke Bank v. Goodman Paper Manuf. Co.* 9 Cush. 576; *Farnum v. Ballardvale Machine Shop*, 12 Cush. 507; *Robbins v. Justices of Superior Court*, 12 Gray, 225, 226; *Rice v. Nickerson*, 4 Allen, 66; *St.* 1862, c. 218.

*C. A. Welch*, for the defendants. As a matter of justice, Mr. Wightman clearly ought to be allowed to defend this suit, if no rule of law absolutely prevents him. The officers of the corporation have abandoned all charge of it. The corporation has no property and is practically defunct. The sole object of the plaintiff is to obtain satisfaction of his alleged claim out of Mr. Wightman and other directors or stockholders. The claim may be entirely groundless. Mr. Wightman could maintain a bill in

equity to compel the officers, or be allowed himself, to defend this suit. *Peabody* v. *Flint*, 6 Allen, 52. *Robinson* v. *Smith*, 3 Paige, 222. *Charitable Corporation* v. *Sutton*, 2 Atk. 400.

FOSTER, J. This action is not properly pending in this court, unless an affidavit for its removal has been filed pursuant to law by the defendant corporation, or some person on its behalf. Mr. Wightman, by whom the only affidavit for this purpose was filed, is shown by the evidence not to have had any express authority to do so from the corporation. The fact that he is a stockholder and has been formerly a director of the company, and is claimed by the plaintiff to be ultimately liable to pay such judgment as may be recovered, does not entitle him as of right to assume the defence of the action. This was expressly decided under *St.* 1851, *c.* 315, which provided for summoning in stockholders; and *a fortiori* the same rule must prevail under the present statute of 1862, *c.* 218, by which the provisions for summoning in stockholders have been repealed. *Robbins* v. *Justices of the Superior Court*, 12 Gray, 225. An affidavit duly filed by an authorized person transfers the cause from the superior court without any order of the presiding judge there, provided the action is duly entered here. *St.* 1862, *c.* 115. *Rice* v. *Nickerson*, 4 Allen, 66.

The question whether there was any mode by which Mr Wightman could have obtained leave of court to defend this action prior to the passage of *St.* 1867, *c.* 36, need not be considered.

The action must be remitted to the superior court, from which it has never been legally transferred. Any party entitled to the benefit of the act last cited may then petition for leave to defend the suit.        *Action remitted to the superior court.*